## J. W. LAHART v. J. A. COFFEY, as Judge of the Fifth Judicial District, State of North Dakota.

### (151 N. W. 287.)

An alternative writ of mandamus directed to a district judge commanding him to decide a pending suit, or show cause why he does not do so, will be quashed where the return to such writ shows without dispute that the delay complained of was occasioned by the conduct of counsel for the complaining party in volunteering at the close of the trial to furnish a transcript of the evidence for the assistance of such judge, which transcript was not furnished.

Opinion filed March 8, 1915.

Original writ of mandamus issued by the Supreme Court under its general superintending control over inferior courts. On the return day of the alternative writ a hearing was had and such writ quashed.

*Maddux & Rinker,* New Rockford, North Dakota, for relator.

*Hon. J. A. Coffey,* District Judge of the Fifth Judicial District, *pro se.*

FISK, Ch. J. On application of plaintiff and relator this court granted an alternative writ of mandamus returnable March 8th, commanding respondent to proceed forthwith and with all convenient speed to decide the matters in issue, and which it is alleged had been fully submitted to him for decision in March, 1914, in certain litigation pending before him in which one J. W. Lahart is plaintiff and the Minnesota Grain Company is defendant, or show cause why he has not done so. On such return day respondent filed a return to such writ, in which he shows that the litigation aforesaid involves a long account between the parties, calling in question numerous grain and elevator transactions in nine elevators situated in four or five counties in this state, and covering a period of operations beginning in 1907 and continuing for several years thereafter, and in which litigation vast sums of money are involved, the plaintiff demanding in his complaint a judgment for some $30,000 to $40,000. The return also sets forth the fact that at the trial, although some two years after the action was commenced, counsel proceeded without the presence in court of certain essential documentary evidence in the form of certain books of account covering the transactions, counsel for plaintiff evidently relying upon their production by defendant, in whose custody they were. As a result of such failure to put the books in evidence, the respondent sets forth in his return that he announced at the conclusion of the trial that it was very doubtful whether any judgment could be sustained from the evidence owing to the very indefinite character thereof. Whereupon counsel for plaintiff insisted that the evidence would show sufficient facts to entitle plaintiff to a judgment, and volunteer to procure a transcript of the testimony from the reporter to assist the court in properly analyzing the same. The return also sets forth that some months later a transcript was ordered by plaintiff, and the same was not completed until February 10, 1915, and further that he has not as yet been furnished with a copy thereof, nor with any of the pleadings or exhibits, but that he borrowed from the reporter a copy of such transcript and has recently fully examined the evidence, and notified counsel for both parties that he considered it necessary to a proper determination of the case that a certain account book be produced, and pursuant thereto defendant's counsel, on March 1st, served a notice of motion on plaintiff's counsel returnable March 9th,

for an order opening the case for the purpose of permitting such book to be introduced in evidence. As a part of his return and in corroboration of the above facts, respondent annexes a letter dated February 17, 1915, addressed to him and signed by one of plaintiff's attorneys, as follows:

My Dear Judge:—

We have just received from your reporter the transcript of the evidence in the above-entitled cause.

We are in throes of a jury term of court, in which we have one side of practically all the cases, and quite a number of them involve large amounts. Our term will probably last two weeks, and probably a little more, and if you have no objection, we will not prepare and send you our statement as shown by the transcript of the evidence until we get a little time at the close of the term.

If this is satisfactory to you, we hope that you will so indicate by return mail, and if not satisfactory we will work out of court hours immediately, and get. you our statement. . . .

Very truly yours,<br>
C. J. Maddux.

In the light of these undisputed facts it is entirely clear that the writ should be quashed. Plaintiff's counsel is in no position to complain of the delay, even conceding that they would have been entitled to a decision without such transcript had they not volunteered to furnish it. Having consented to procure the same for the aid of the court, respondent clearly had a right to delay further consideration of the cause until such time as it was furnished to him.

Writ quashed.

Goss and BRUCE, JJ., absent and not participating.